■ In the Matter of THE NEW YORK TIMES COMPANY et al., Respondents, and CATHERINE T. REGENHARD et al., Intervenors-Respondents, v CITY OF NEW YORK FIRE DEPARTMENT, Appellant, and J. DOE, Intervenor-Appellant. [835 NYS2d 92]—

Amended order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about March 29, 2006, which directed respondent Fire Department (FDNY) to release tapes and transcripts of 911 calls made during the September 11, 2001 terrorist attack on the World Trade Center without redacting certain identifying information of the callers that was repeated by the 911 operators, unanimously reversed, on the law, without costs, and the aforementioned tapes and transcripts to be released with the repeated identifying information of the callers redacted.

Petitioners' judicial estoppel argument is inapposite inasmuch as FDNY is simply maintaining the same legal position it took at an earlier stage of this proceeding (*see D & L Holdings v*

*Goldman Co.*, 287 AD2d 65, 71 [2001], *lv denied* 97 NY2d 611 [2002]). At each juncture, FDNY has sought to protect the privacy interests of 9/11 victims' surviving family members in the release of tapes and transcripts of the victims' 911 calls made during the terrorist attack. Here, it merely seeks to extend the redaction of information identifying the caller to a circumstance that it had not previously recognized—some of the tapes include the repetition, by 911 operators for purposes of confirmation, of identifying information provided by the caller. Similarly, petitioners err in asserting that FDNY seeks reconsideration of the 2003 order of the Supreme Court, the 2005 order of the Court of Appeals, or both orders; in fact, it seeks guidance as to the implementation of the latter (4 NY3d 477 [2005]).

Such repeated information does not fall within the express language of the Court of Appeals decision, which requires the redaction of the "words" of all of the 911 callers. The Court determined only that the words of the callers were protected pursuant to Public Officers Law § 87 (2) (b) (the "unwarranted invasion of personal privacy" exception) and did not address the repetition issue, since "[t]he Fire Department does not now oppose disclosure of the words spoken in the 911 calls by 911 operators" (4 NY3d at 484). However, redaction of the repeated information is consistent with the intent of the Court of Appeals decision. The Court's primary concern was the protection of the privacy interests of surviving 9/11 family members and surviving callers from the "highly likely" (*id.* at 486) media exploitation of released tapes and transcripts. Under the circumstances, the distinction between the callers' words and their repetition by a 911 operator is not legally significant, nor is the fact that the identities of the 9/11 victims are a matter of public record. Therefore, in balancing the competing interests here, we find that the survivors' compelling interest in preserving the privacy of their loved ones' final moments outweighs any countervailing public interest in disclosure (*see Asbury Park Press v Ocean County Prosecutor's Off.*, 374 NJ Super 312, 331, 864 A2d 446, 459 [2004]). Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and McGuire, JJ.